UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DOMINIQUE WIGGINS,

            Probationer.

**DECISION AND ORDER**
11-CR-278S

## I. INTRODUCTION

On March 14, 2012, this Court sentenced Probationer, Dominique Wiggins, to time served and a three-year term of supervised release. Among the conditions imposed by this Court for Wiggins' release was that he not commit another crime. He was also prohibited from possessing a firearm.

Several months later, on November 7, 2012, the United States Probation Officer assigned to monitor Wiggins on supervised release, Scott Kawski, submitted a "Petition for Offender Under Supervision" to the Court. (Docket No. 26.) In that petition, Probation Officer Kawski charged Wiggins with violating the terms of his supervised release. The petition contains three charges, all connected with one incident on November 5, 2012 in the City of Buffalo. Specifically, it alleges that Wiggins violated the terms of his release by committing three crimes: (1) possessing a weapon in the second degree; (2) obstructing justice; and (3) resisting arrest.

On the basis of that petition, this Court ordered that a warrant for Wiggins' arrest be issued. That warrant was issued and executed, and, on January 10, 2014 this Court conducted a violation-of-supervised-release hearing. Wiggins was present at that hearing,

where the Government called several law enforcement witness who were then cross-examined by Wiggins' attorney. Wiggins was provided the opportunity, but declined to call his own witnesses.

## II. DISCUSSION

Rule 32.1 of the Federal Rules of Criminal Procedure governs supervised-release proceedings. Under Rule 32.1(d), disposition of supervised-release proceedings is governed by 18 U.S.C. § 3583. In turn, under 18 U.S.C. § 3583(e)(3), this Court has the authority to revoke a term of supervised release and order imprisonment if it finds by a preponderance of the evidence that the probationer violated a condition of supervised release.  See United States v. Carthen, 681 F.3d 94, 100 (2d Cir. 2012).

Based on a preponderance of evidence produced at the hearing,  I find  that Wiggins violated the terms of his supervised release.

Lieutenant Mark Cyrek of the Buffalo Police Department testified that, while on patrol in the City of Buffalo on November 5, 2012,  the license plate reader in his patrol car indicated that a passing SUV – which turned out to be operated by Wiggins – was stolen.[1] Lt. Cyrek thus initiated a traffic stop of the vehicle operated by Wiggins. Lt. Cyrek further testified that when Wiggins could not produce the paperwork for the vehicle, he ordered him to step out of the vehicle. Lt. Cyrek then conducted a pat-down search, during which Wiggins disobeyed orders to remain still. He therefore placed Wiggins in handcuffs.

Officer Mary Sawicki testified that she arrived on the scene that night and conducted

---

[1] It turns out that the vehicle was not actually reported as stolen. According to Lt. Cyrek, the license plate reader misread the front plate because it was bent. When the reader was later positioned to read the back license plate, it did not produce a "stolen" notification.

a further search of Wiggins. That search revealed that Wiggins had a firearm on his person in a zippered jacket pocket. Seven bullets were also recovered from the firearm. She passed the firearm to Lt. Cyrek, who then gave it to Captain Patrick Roberts of the Buffalo Police Department. A firearm and seven bullets were introduced as evidence at the hearing. Each officer who handled the firearm testified that it was the one recovered on November 5, 2012.

Capt. Roberts also testified that he gave Wiggins <u>Miranda</u> warnings and interviewed him at the stationhouse that night. In the course of that voluntary interview, Wiggins claimed that he had a permit for the firearm, but, despite the opportunity to do so, he never produced one. Capt. Roberts also testified that a search for a permit in the name of Dominique Wiggins was run in a database, but no permit under that name was found. No permit was produced at the hearing.

Furthermore, testimony also revealed that Wiggins struggled with the officers attempting to effectuate his arrest, and that he had to be forced to the ground to gain compliance.

Based, *inter alia*, on this evidence and credible testimony, this Court finds that Wiggins illegally possessed a firearm and obstructed the officers attempting to arrest him, thereby violating the terms of his supervised release by committing another crime. <u>See</u> N.Y. Penal Law § 265.03(3) (criminal possession of a firearm); § 195.05 (obstructing justice); § 205.30 (resisting arrest).

Accordingly, under 18 U.S.C. § 3583(e)(3), this Court revokes Wiggins' supervised release.

### III. ORDERS

IT HEREBY IS ORDERED, that Probationer's Supervised Release is REVOKED.

FURTHER, Sentencing is scheduled for February 19, 2014 at 9:00 a.m.

SO ORDERED.

Dated: January 13, 2014
       Buffalo, New York

                                                /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                      Chief Judge
                                          United States District Court